UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LESLYE KNOX, *et al.*,

                  Plaintiffs / Judgment-
                  Creditors,

      -against-

07 CV 3349 (VM)

THE BANK OF NEW YORK,

                  Defendant / Garnishee,

PALESTINE MONETARY AUTHORITY,

                  Defendant / Intervenor.
-------------------------------------------------------------------X

**PLAINTIFFS / JUDGMENT – CREDITORS' MEMORANDUM OF LAW**

**IN RESPONSE TO THE PALESTINE MONETARY AUTHORITY'S**

**MOTION TO STRIKE COUNTERCLAIM**

JAROSLAWICZ & JAROS, LLC
*Attorneys for the Plaintiffs / Judgment-Creditors*
225 Broadway, 24th floor
New York, New York 10007
(212) 227-2780

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

LESLYE KNOX, *et al.*,

                    Plaintiffs / Judgment-
                    Creditors,

        -against-

07 CV 3349 (VM)

THE BANK OF NEW YORK,

                    Defendant / Garnishee,

PALESTINE MONETARY AUTHORITY,

                      Defendant / Intervenor.
--------------------------------------------------------------------X

## PLAINTIFFS / JUDGMENT – CREDITORS' MEMORANDUM OF LAW IN RESPONSE TO THE PALESTINE MONETARY AUTHORITY'S MOTION TO STRIKE COUNTERCLAIM

      Defendant – Intervenor Palestine Monetary Authority ("PMA") moves to strike the counterclaim complaint filed by Plaintiffs / Judgment-Creditors ("Knoxes").

      In support of its motion, the PMA argues that "the express terms of Rule 13 permit a counterclaim only in response to a claim filed by an opposing party against the prospective counter-claimant in the first instance." (Memorandum of Law in Support of Palestine Monetary Authority's Motion to Strike Plaintiffs' Counterclaim at p. 2).

By the "express terms of Rule 13" the PMA evidently means FED. R. CIV. P. 13(b), which provides that, "A pleading may state as a counterclaim any claim against an opposing party <u>not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim</u>." *Id*. (Emphasis added).

But the PMA misunderstands the meaning of the emphasized section of this rule, which is not intended to condition the filing of a counterclaim on the prior filing of a claim by an adverse party, but rather merely to distinguish a permissive counterclaim from a compulsory counterclaim:

> Rule 13(b) defines a permissive counterclaim as one that does not arise out of the "transaction or occurrence that is the subject matter of the opposing party's claim." In view of the extensive case law that exists identifying compulsory counterclaims and dealing with the "transaction or occurrence" standard set out in Rule 13(a), <u>a permissive counterclaim may be defined most easily as any counterclaim that is not compulsory</u>.

6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1420 (emphasis added).

Indeed, the very phrase upon which the PMA seeks to rely—"not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim"—has been stricken from Rule 13(b) by the amendments to the Federal Rules effective on December 1, 2007.

The Advisory Committee Notes make clear that this amendment is purely stylistic, and does not change the substance of the rule: "Rule 13 has been amended as part of the general restyling of the Civil Rules to make them more easily understood

and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." FED. R. CIV. P. 13(b), Advisory Committee Notes, 2007.

Thus, the amendment merely reflects the <u>extant</u> meaning of Rule 13(b), under which the phrase upon which the PMA bases its entire motion is supererogatory, and can and should be read out of the rule. Thus, in fact, Rule 13(b) permits "any counterclaim that is not compulsory." Wright & Miller, *id*.

In light of the above, the Knoxes believed and continue to believe that their counterclaim complaint is proper under Rule 13(b).

However, in the absence of clear case law addressing the precise circumstances presented here,[1] out of an abundance of caution, and in order to avoid unnecessary litigation over an arcane procedural point, the Knoxes have filed an Amended Complaint in this action which presents the same claims against the PMA as are asserted in the counterclaim complaint.

Thus, the counterclaim complaint has effectively been rendered superfluous by the amended complaint.

Accordingly, if the Court believes it would be most efficacious and appropriate to proceed solely on the basis of the amended complaint, the Knoxes do not oppose the PMA's motion to strike the counterclaim complaint.

---

[1] The ancient case from another circuit cited by the PMA, *Kauffman v. Kebert*, 16 F.R.D. 225 (W.D.Pa. 1955), is wholly inapposite as it deals with intervention.

Dated: New York, New York
July 19, 2007

                                Respectfully submitted,

                                JAROSLAWICZ & JAROS, LLC
                                *Attorneys for the plaintiffs / judgment-creditors*

                                by:  __/S *Robert J. Tolchin*__
                                    Robert J. Tolchin

                                225 Broadway, 24th floor *
                                New York, New York 10007
                                (212) 227-2780

                                *(\*Please note new law firm name and address)*